IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRANDY FOSTER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 25-CV-1570-DWD |
| | ) |
| **ACTING WARDEN,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter comes before the Court on Petitioner Brandy Foster's Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241. (Doc. 1). The Petitioner is incarcerated at the Federal Correctional Institution in Greenville, Illinois, and is challenging the Bureau of Prison's determination as to her eligibility for First Step Act time credits.

This matter is now before the Court for preliminary review pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by a district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of the Federal Rules Governing Section 2254 Cases gives this Court the authority to apply the rules to other habeas corpus cases like the one at bar.

On February 7, 2022, Petitioner pled guilty to conspiring to, and possession and distribution of, methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A). *United*

*States v. Foster*, 19-cr-377-DGK(5) (Western District of Missouri). She was sentenced to 90 months' imprisonment. Petitioner is challenging the Bureau of Prison's ("BOP") calculation of her Earned Time Credits under the First Step Act.

The First Step Act ("FSA") was enacted into law on December 21, 2018. Under the FSA, eligible inmates convicted of non-violent offenses may earn credit toward their sentences by completing programming and other productive activities. *See* 18 U.S.C. § 3632(d). In January 2022, the BOP finalized a new rule codifying the BOP's procedures for the earning and application of credits under this system. FSA Time Credits, 87 FR 2705-01, codified at 28 C.F.R. § 523.40 et. seq. The computation of a prisoner's sentence, including the application of potential sentence credits, can be challenged in a § 2241 petition. *Setser v. United States*, 566 U.S. 231, 244 (2012); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); *United States v. Walker*, 917 F.3d 989, 994 (7th Cir. 2019) (noting inmate may challenge the computation of his sentence by a § 2241 petition after first seeking relief through the BOP's administrative procedures).

Here, Petitioner has asked the Court to "waive the requirement to exhaust administrative remedies due to time sensitivity [and] irreparable harm[.]" (Doc. 1, pg. 10). According to Petitioner's calculation, her correct release date should be July 24, 2026. (Doc. 1, pg. 14). The Court declines to waive the requirement to exhaust remedies at this time given the nature of the allegations contained in the Petition. The Court will invite the Government's response to the issue of exhaustion.

It is not plainly apparent that Petitioner is not entitled to habeas relief. Without commenting on the merits of Petitioner's claims, the Court concludes that

the § 2241 petition survives preliminary review pursuant to Rule 4, and the Court will order a response.

**IT IS THEREFORE ORDERED** that Respondent shall answer or otherwise plead on or before **March 19, 2026**. This preliminary order to respond does not preclude Respondent from raising any objection or defense Respondent may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Petitioner is **ADVISED** of her continuing obligation to keep the Clerk and opposing parties informed of any change in the Petitioner's whereabouts during the pendency of this action. This notification must be in writing no later than 7 days after a transfer or other change in address. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED.**

Dated: February 17, 2026                   /s/ *David W. Dugan*
                                            _____
                                            DAVID W. DUGAN
                                            United States District Judge